UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JESSICA COOPER, et al.

Plaintiffs,

v.

Case No. 1:25-cv-02919

ENDURANCE DEALER SERVICES, LLC, et al.

Defendants.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND DISMISS THE CLASS ACTION COMPLAINT**

Larry D. Mason (ARDC #6201602)
GOLDBERG SEGALLA LLP
222 West Adams Street, Suite 2250
Chicago, Illinois 60606
Phone: (312) 572-8400
Fax: (312) 572-8401
lmason@goldbergsegalla.com
*Attorneys for Defendants*
*Endurance Dealer Services, LLC and*
*Endurance Warranty Services, LLC*

## **PRELIMINARY STATEMENT**

Plaintiffs seek class action relief against Endurance Dealer Services, LLC and Endurance Warranty Services, LLC (collectively, "Endurance") for alleged conduct related to the issuance and marketing of vehicle service contracts ("VSCs"). Plaintiffs, with the exception of Kujawa, agreed to valid and enforceable arbitration clauses and class waiver provisions that foreclose their relief in this forum. The appropriate forum for Plaintiffs Cooper, Rinella, Rumpf, and Wilder is arbitration, and this Court should compel those Plaintiffs to arbitrate. In the alternative, and for claims asserted by Kujawa, this Court should dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) because Plaintiffs each waived their right to class litigation, Plaintiffs' proposed class is impermissibly broad, and the Complaint does not plead cognizable causes of action for unjust enrichment, fraudulent concealment, common law fraud, or negligent misrepresentation.

## **RELEVANT FACTS**

Plaintiffs bring ten causes of action in which they seek damages for breach of contract, unjust enrichment, fraudulent concealment, common law fraud, negligent misrepresentation, promissory estoppel and violations of Michigan's Consumer Protection Act, New Jersey's Consumer Fraud Act, Ohio's Consumer Sales Practices Act, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law.[1] Aside from the effect of valid and enforceable arbitration clauses, Plaintiffs fail to state claims in accordance with Fed. R. Civ. P. 9(b), 12(b)(6) and/or 23.

---

[1] Plaintiffs also allege they are seeking relief under the Texas Deceptive Practices Act Tex. Bus. & Com. Code Ann. §§ 17.41, et seq. (ECF 1 at ¶ 11), but there is no count in the Complaint under that statute.

1

**ARGUMENT**

I. **THE COURT SHOULD COMPEL PLAINTIFFS COOPER, RINELLA, RUMPF, AND WILDER TO ARBITRATE.**

The Court should compel Cooper, Rinella, Rumpf, and Wilder to arbitrate their claims in accordance with the Federal Arbitration Act ("FAA") and as required by those Plaintiffs' contracts with Endurance or click-wrap agreements. The FAA applies where, as here, written arbitration agreements involve interstate commerce. 9 U.S.C. § 2. The FAA is a "congressional declaration of liberal federal policy favoring arbitration agreements." *Cont. Cas. Co. v. Am. Natl. Ins. Co.*, 417 F.3d 727, 730 (7th Cir. 2005). As such, "the party seeking to enforce arbitration is entitled to the benefit of the doubt" and "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Generally, a court "must grant a motion to compel arbitration where the parties have a written arbitration agreement and the asserted claims are within its scope," *Stockman v. Massage Envy Franchising, LLC,* 2024 U.S. Dist. LEXIS 58882, *7 (N.D. Ill. 2024), *citing Sharif v. Wellness Intl. Network, Ltd.,* 376 F.3d 720, 726 (7th Cir 2004). This Court should compel arbitration because "(1) there is a valid agreement to arbitrate; 2) the claims fall within the scope of the agreement; and 3) the opposing party refused to arbitrate." *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 702 (7th Cir. 2022). There is no requirement that Endurance seeks to enforce its arbitration right before moving to compel arbitration. *See Drake Bakeries, Inc. v. Am. Bakery & Confectionery Workers Intl.*, 370 U.S. 254, 267 (1962); *Midwest Mech. Contrs., Inc. v. Commonwealth Constr. Co.,* 801 F2d 748, 750 (5th Cir. 1986) (there is no requirement that a defendant seek arbitration or that an arbitration be pending to grant a motion seeking to enforce an arbitration agreement).

2

Plaintiffs' claims are subject to valid and enforceable arbitration agreements, fall within the scope of those agreements, and, by commencing this suit, Plaintiffs refused to arbitrate. Therefore, the Court should compel Rinella, Rumpf, Cooper, and Wilder to arbitrate.

A.  **Rinella, Rumpf, Cooper, and Wilder Agreed to Arbitration in Their VSCs and/or Via a Click-Wrap Agreement.**

Plaintiffs Rinella, Rumpf, Cooper, and Wilder must arbitrate their claims against Endurance. Rinella, Cooper, and Wilder each have a VSC with Endurance that obligates those parties to arbitrate their claims. Rumpf, along with Rinella, and Cooper, agreed to arbitrate when they agreed to obtain a quote for a VSC through Endurance's website.

State law regarding contract formation governs contract enforceability. *Druco Rests., Inc. v. Steak N Shake Enters.*, 765 F.3d 776, 781 (7th Cir. 2014). In analyzing arbitration clauses, Illinois law focuses on only the "written provision… to settle by arbitration a controversy," not the validity of any other aspect of the contract. *Rent-A-Center, W., Inc., v. Jackson*, 561 U.S. 63, 63 (2010). Procedural requirements, such as the respective parties' obligations to compel arbitration, are irrelevant because those questions "are presumptively *not* for the judge, but for the arbitrator to decide." *Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 581 (7th Cir 2006). Federal courts routinely view optional arbitration clauses as mandatory where one of the parties, like Endurance does here, exercises its right to arbitrate. *Deaton Truck Line, Inc. v. Intl. Bhd. of Teamsters, etc.*, 314 F.2d 418, 422 (5th Cir. 1962); *Quantum Fluids LLC v. Kleen Concepts LLC*, (D. Ariz. 2021) ("may" language in an arbitration agreement should be construed to provide "the option to require arbitration"). Optional language within an arbitration agreement merely means that parties are not required to arbitrate every dispute. *Id.*

1. Rinella's, Cooper's and Wilder's VSCs Mandate Arbitration.

Here, Plaintiffs allege that each of them entered a VSC with Endurance. *See* ECF 1, PageID: 4, 7, 9, 11, 13, ¶¶ 11, 13, 27, 41, 56, 70; and ECF 4-0, PageID: 80; ECF 4-1, page 5 of 37; ECF 4-2, page 5 of 31; ECF 4-3, page 5 of 35; ECF 4-4, page 4 of 25[2]. Plaintiffs attempt to enforce the VSC in this litigation, clearly indicating their understanding and belief that their respective contracts are valid.

Rinella, Cooper, and Wilder agreed to arbitration in their respective VSCs. Rinella's, VSC states, under the heading "ARBITRATION," "[a]ny controversy or claim arising out of or relating to this Contract, or breach thereof, shall be settled by arbitration..." ECF 4-2, page 13 of 31. Plaintiffs Cooper's and Wilder's respective contracts clearly set forth alternative dispute resolution agreements under Paragraph IX. LEGAL CLAIMS AND DISPUTES. ECF 4, PageID: 94 and ECF 4-4, PageID: 228 as to Cooper and Wilder, respectively. That clause grants Endurance the contractual right to demand arbitration arbitrate "any claim, complaint or demand" initiated by Cooper and Wilder "relating to the Coverage provided under this Contract." *Id.*

The above clauses include broad, clear and unequivocal language that obligates those Plaintiffs to litigate their claims in arbitration. Indeed, Rinella's VSC broadly encompasses all controversies or claims *arising out of or relating to* the contract itself *or* a breach of the contract. Rumpf's VSC's arbitration clause is mandatory, stating that Rumpf "must" arbitrate. While the reservation of right to arbitrate belongs only to Endurance in Cooper and Wilder's VSCs, Illinois law does not require mutuality of arbitration agreements. *Williams v. TCF Natl. Bank*, 2013 U.S. Dist. LEXIS 28074, at *34 (N.D. Ill. 2023); s*ee also Bishop v. We Care Hair Dev. Corp.,* 316 Ill

---

[2] PageID is truncated on filed version, so Endurance refers to the page number.

4

App 3d 1182, 1198 (2000). Thus, Cooper's and Wilder's arbitration agreements are enforceable and subject their claims to arbitration.

> 2. Rinella, Rumpf, and Cooper Agreed to Arbitration via a Click-Wrap Agreement on Endurance's website.

Rinella, Rumpf, and Cooper each agreed to arbitrate any disputes when they accepted Endurance's terms and conditions as part of obtaining VSC quotes (the "Click-Wrap Agreements"). The Seventh Circuit enforces "click-wrap" agreements like those Plaintiffs agreed to through Endurance's website. *Domer v. Menard, Inc.*, 116 F.4th 686, 694 (7th Cir 2024); *see Oberstein v. Live Nation Entertainment, Inc.*, 60 F.4th 505, 513 (9th Cir. 2023) ("courts routinely find clickwrap agreements enforceable").

Endurance's website's "Terms and Conditions" broadly applied to "all web sites that are owned, operated, and maintained by or for Endurance Warranty Services, LLC and its United States subsidiaries and affiliates." Declaration of Daniel Wilner [Wilner Dec.], Exhibit E, ¶1. The terms and conditions include an arbitration clause that requires "any controversy, claim or dispute arising between the parties, including, but not limited to, alleged violations of state or federal statutory or common law rights or duties (a 'Dispute') shall be solely and exclusively resolved according to the procedures set forth in this paragraph." *Id.*, ¶9 "Dispute Resolution". Those Terms and Conditions state that "either party may initiate binding arbitration." *Id.* Further, those Terms and Conditions are clearly visible on the Endurance website and required Rinella, Rumpf, and Cooper to click on an "I Accept" button before even obtaining a quote for services from Endurance. *Id.* at ¶¶3-7, Exhibits A-D.

Rinella and Rumpf obtained quotes for their VSCs directly through Endurance's website, which required them to actively accept Endurance's Terms and Conditions, which include a valid and enforceable agreement to arbitrate, by clicking "I Accept" on Endurance's website. Wilner

5

Dec., ¶¶4, 5; Exhibits A, B. By accepting Endurance's Terms and Conditions, Rinella and Rumpf agreed to arbitrate their claims.

Plaintiff Cooper accessed the quote for her contract through shopcarwarranty.com, a third-party website. Shop Car Warranty's website also includes a valid and enforceable clickwrap agreement that Cooper assented to, thereby agreeing to Shop Car Warranty's Terms and Conditions. Wilner Dec., ¶6, Exhibit C. Shop Car Warranty's Terms and Conditions, which Cooper agreed to, state that shopcarwarranty.com "connects you with contractors and other providers who may be able to assist you with your AutoWarranty." *Id.,* ¶6, Exhibit D. Under the heading "Links to Other Websites" the Shop Car Warranty Terms and Conditions provide that its website includes links to other websites and that "[y]our rights to such content will be governed by the terms of those third-party websites." *Id.* By accepting these Terms and Conditions in order to obtain a quote from Endurance, Cooper agreed to Endurance's Terms and Conditions, which include an agreement to arbitrate her claims.

Rinella's, Cooper's, and Wilder's VSCs include express arbitration provisions that this Court should enforce by compelling arbitration. Likewise, Rumpf, Cooper, and Rinella agreed to arbitrate this dispute when they executed a valid click-wrap agreement.

**B.  Rinella's, Rumpf's, Cooper's, and Wilder's Claims Fall Under the Scope of Their Respective Arbitration Agreements.**

Each of Rinella's, Rumpf's, Cooper's, and Wilder's claims fall within the scope of their respective arbitration agreements. Motions to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause [or contract or agreement] is not susceptible of an interpretation that covers the asserted dispute." *Jacobsen v. J.K. Pontiac GMC Truck, Inc.*, 2001 U.S. Dist. LEXIS 20393, at *6 (N.D. Ill. 2001) (citing *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). Importantly, any "ambiguities as to

6

the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Sciences v. Bd. of Trustees*, 489 U.S. 468, 476 (1989).

Whether a particular claim is arbitrable depends "not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause… otherwise, a party could frustrate any agreement to arbitrate simply by the manner in which it framed its claims." *Gore v. Alltel Communs., LLC*, 666 F3.d 1027, 1036 (7th Cir. 2012). Rinella's, Cooper's, and Wilder's arbitration agreements include broad "arising out of" language, which is "extremely broad and capable of an expansive reach." *Edmondson v. German Am. Bank*, 748 F Supp 3d 621, 628 (S.D. Ind. 2024); *see Elzinga & Volkers, Inc. v. LSSC Corp.*, 47 F3d 879, 882 (7th Cir. 1995). Further, extracontractual claims do not preclude arbitration if those claims fall within the scope of the contract. *Gore*, 666 F.3d at 1036. Even claims for fraudulent inducement do not overcome an enforceable arbitration agreement. *See Yogo Factory Franchising, Inc. v. Ying*, 2014 U.S. Dist. LEXIS 61968, at *19 (D.N.J. 2014).

Rinella's, Rumpf's, Cooper's, and Wilder's claims relate to the purchases of and Endurance's alleged performance under each of their VSCs. Tellingly, each Plaintiff alleges breach of contract and, likewise, Plaintiffs' unjust enrichment (from the purchase of the contract); fraudulent concealment, fraud, misrepresentation, estoppel, and state consumer protection law claims arise directly from the contracts. In accordance with the FAA, well-established and binding law, and their respective agreements to arbitrate, this Court should compel Wilder, Rumpf, Rinella, and Cooper to arbitrate.

**II.  THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The Court should also dismiss the Complaint because it cannot withstand scrutiny under Fed. R. Civ. P. 12(b)(6).

7

### A. Standard for Dismissal Under Rule 12(b)(6)

A complaint will survive dismissal under Fed. R. Civ. P. 12(b)(6) only if its facts "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp.*, 550 U.S. at 570. While the Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the Plaintiffs' favor, *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003), "it is no longer sufficient for a complaint 'to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation omitted). The claims that fail to meet that standard should be dismissed as should the Complaint as a whole because Plaintiffs waived the right to participate in a class action and Plaintiffs fail to plead a cognizable class.

### B. All Plaintiffs Waived Their Class Action Rights.

Rumpf, Rinella, Cooper, Kujawa, and Wilder waived their right to pursue their claims as a class action, requiring dismissal of their claims.

Class action waivers are enforceable. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 351 (2011) ("parties may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit *with whom* a party will arbitrate its disputes") (citations omitted); *see also, Herrington v. Waterstone Mtge. Corp.*, 907 F.3d 502, 506 (7th Cir 2018). As the U.S. Supreme Court held in *Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018), "courts may not allow a contract defense to reshape traditional individualized arbitration by mandating class-wide arbitration procedures." *Id.* at 509. This Court is therefore obligated to enforce the parties' agreements to arbitrate individually, and not as a class, where, as here, they have explicitly agreed to do so, and accordingly it should grant this motion, compel arbitration and dismiss the Complaint.

8

Rinella, Rumpf, and Cooper agreed to waive class participation via their acceptance of the Click-Wrap Agreement, which states, *"EACH PARTY IRREVOCABLY WAIVES ANY RIGHT IT MAY HAVE TO JOIN CLAIMS OR DISPUTES WITH THOSE OF OTHERS IN THE FORM OF A CLASS ACTION, CLASS ARBITRATION OR SIMILAR PROCEDURAL DEVICE..."* See endurancewarranty.com/terms-and-conditions; Wilner Dec. ¶7, Exhibit E. Thus, Rumpf, Rinella, and Cooper waived their class action rights and their claims should be dismissed.

Likewise, Kujawa, Wilder, and Cooper each financed their VSCs through an agreement with MEPCO. *See*, *e.g.*, ECF 4-0, page 29 of 37; ECF 4-1, page 30 of 37; ECF 4-4, page 23 of 25; Wilner Dec. Exhibit F, page 22 of 24. Those Plaintiffs agreed to a broad class action waiver, in which they waived the right to bring "any legal action or proceeding with respect to this agreement, the contract[3] or any matter arising in connection therewith on a class action basis." ECF 4-0, page 33 of 37; ECF 4-1, page 34 of 37; ECF 4-4, page 25 of 25; Wilner Dec. Exhibit F, page 24 of 24.

Those class action waivers are enforceable so long as "the relevant state contract law allows [Endurance] to enforce the agreement." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009); *see West v. Household Life Ins. Co.,* 170 Ohio App 3d 463, 469 (2007). The Purchase Agreement includes a choice of law provision providing that each agreement "shall be governed by and construed in accordance with the laws of the State of New York without regard to applicable conflict of law principles." ECF 4-0, page 33 of 37; ECF 4-1, page 34 of 37; ECF 4-4, page 25 of 25; Wilner Dec. Exhibit F, page 24 of 24. New York law permits third-party enforcement of a contract when the original parties to the contract intentionally entered the contract for the direct benefit of that third party. *See Commr. of the Dept. of Social Servs. of the City of NY v. NY-Presbyt.*

---

[3] Defined by the Purchase Agreement as the Plaintiff's respective VSC. The MEPCO Agreement is included with the VSC. *See* ECF 4.

9

*Hosp.*, 164 A.D.3d 93, 100 (1st Dep't 2018); *Town of Huntington v Long Is. Power Auth.*, 130 A.D.3d 1013, 1014 (2d Dep't 2015)[4].

The Payment Plans are plainly for Endurance's benefit and, therefore, enforceable by Endurance. Each Payment Plan identifies Endurance as the Seller and states that it is, "entered into to enable Purchaser to pay for the Contract[5] pursuant to an installment payment program…" Per those Payment Plans, those Plaintiffs waived class action participation for any claims and causes of action arising from the VSC. Therefore, Rumpf, Rinella, Cooper, Kujawa and Wilder waived their right to participate in class action litigation.

**C.     Plaintiffs Failed to Plead a Cognizable Class Under Fed. R. Civ. P. 23.**

Not only are the named Plaintiffs unable to proceed via class action, but the pleaded class and subclasses do not satisfy Fed. R. Civ. P. 23(a) or 23(b), and therefore the Complaint fails under Rule 12(b)(6). Importantly, before evaluating whether the class satisfies the requirements of Rule 23, the proposed class must be "identifiable as a class," meaning that the "class definition must be definite enough that the class can be ascertained." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Plaintiffs' proposed class and subclasses do not survive even cursory scrutiny. Plaintiffs propose a Nationwide Class consisting of "[a]ll persons in the United States who purchased a [VSC] through Defendants" and State Subclasses consisting of "[a]ll persons of the Nationwide Class who are residents of the states of Michigan, New Jersey, Ohio, Pennsylvania, and Texas and purchased a [VSC] through Defendants in one of the aforementioned states." ECF 1, PageID: 46, ¶ 149. Such an overbroad class definition does not satisfy Fed. R. Civ. P. 23 and is fatal to the Complaint.

---

[4] Under Illinois law, a third party to a contract may also enforce the contract's rights under these circumstances. *Cahill v. E. Ben. Sys., Inc.*, 236 Ill App 3d 517, 520 (1992).

[5] Referencing those Plaintiffs' respective VSCs.

Plaintiffs' proposed class includes everyone who ever purchased an Endurance VSC, regardless of the type of contract purchased even though Plaintiffs themselves discuss several types of contracts in the Complaint. Plaintiffs do not claim that all or even most of the members of the class were harmed by Endurance's alleged actions, and they suggest no temporal limitations. Plaintiffs' proposed subclasses similarly seek to stratify the class into every Endurance VSC holder in five states without further delineation. Such proposed classes are patently overbroad on their face, which requires dismissal of the complaint as a matter of law. *See Kohen v. Pac. Invest. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009) ("if the [class] definition is so broad that it sweeps within it persons who could not have been injured by the defendant's conduct, it is too broad"); *Oshana*, 472 F.3d at 513-14 (class failed because it was not limited to those who had actual claims against defendant). Accordingly, this Court should dismiss the Complaint.

Plaintiffs further fail to adequately plead that the proposed class satisfies Rule 23(b)(2), and thus the Complaint must be dismissed for this additional reason. Indeed, Plaintiffs offer only singular, passing, but insufficient reference to Rule 23(b)(2) and (3). *See* ECF 1, PageID: 46, ¶ 149. Rule 23(b)(2) permits class certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Complaints' only references to injunctive or declaratory relief are in the prayer for relief on the last page of the 72-page Complaint where they request that this Court "[g]rant appropriate injunctive and/or declaratory relief." ECF 1, PageID: 71. The named Plaintiffs, however, claim monetary damages between $7,000 and $13,456.60, and Plaintiffs otherwise plead no basis for injunctive or declaratory relief. Therefore, the Complaint fails to satisfy Rule 23(b)(2) on its face

11

and should be dismissed as a matter of law to the extent the class action is premised on Rule 23(b)(2).

**D.       Plaintiffs' Fail to Plead Fraud With Particularity.**

Plaintiffs' claims for fraudulent concealment and common law fraud are subject to Fed. R. Civ. P. 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." *Webb v. Frawley*, 906 F.3d 569, 576 (7th Cir. 2018). That rule "ordinarily requires describing the who, what, when, where, and how of the fraud." *Kahn v. Walmart Inc.*, 107 F.4th 585, 594 (7th Cir. 2024).

Plaintiffs do not plead fraud with particularity. In their fraudulent concealment claim, Plaintiffs allege that Endurance "made material misrepresentations and omissions concerning a presently existing or past fact" and "did not fully and truthfully disclose to customers the true nature of the coverage under the [VSCs] or the timeliness upon which Defendants would render decisions pursuant to the [VSCs]." ECF 1, PageID:50, ¶ 173. Similarly, in the common law fraud claim, Plaintiffs allege that Endurance marketed that the VSCs "provided comprehensive coverage and peace of mind and protection from repair bills" and sold the contracts with the knowledge that Endurance would not provide such coverage, and that "[t]he facts misrepresented, concealed, and omitted by Defendants were material . . ." ECF 1, PageID: 52, ¶¶ 183, 184, 187. Nowhere in these counts or elsewhere in the complaint do Plaintiffs identify with the requisite specificity Endurance's alleged misrepresentations and omissions.

Those claims are missing the "what:" What is the false statement of material fact? What are the purported misrepresentations? The Complaint also fails to plead the "when" and "where" because it does not identify any specific statements, dates, or similar information. Plaintiffs' broad claims of misrepresented facts in marketing VSCs do not satisfy the pleading requirements of Rule

9(b) and should therefore be dismissed. Likewise, each of Plaintiffs' state-specific consumer fraud statutes broadly allege that Endurance's conduct was fraudulent conduct. ECF 1, PageID: 59, 62, 65, 69, ¶¶ 216; 233; 250; 267(d); and 269. Consumer protection statute claims predicated on alleged fraudulent conduct are subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirements. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Thus, those claims should also be dismissed.

Additionally, Plaintiffs' claims for fraudulent concealment and common law fraud are duplicative of Plaintiffs' claim for breach of contract. For this separate reason, Counts III and IV of the Complaint must be dismissed. *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill 2010). To bring a fraud claim separate from a breach of contract claim, a plaintiff must allege a "fraudulent act distinct from the alleged breach of contract." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 401 (7th Cir. 2011). "After all, 'the mere fact that a defendant promised something and then failed to do it . . . occurs every time a defendant breaches a contract.'" *Five-Star Audiovisual, Inc. v. Unique Bus. Sys. Corp.*, 2025 U.S. Dist. LEXIS 37350, at *16 (N.D. 2025), quoting *Zankle v. Queen Anne Landscaping*, 311 Ill App. 3d 308 (Ill App. Ct. 2000). Here, Plaintiffs' claims for fraudulent concealment and common law fraud arise from the same facts and allegations underlying their breach of contract claim. Thus, Counts III and IV of the Complaint must be dismissed.

**E.     The Economic Loss Doctrine Bars Plaintiffs' Claim for Negligent Misrepresentation.**

Plaintiffs' claim for negligent misrepresentation fails due to the economic loss doctrine. A plaintiff cannot recover in tort for purely economic losses arising out of a failure to perform contractual obligations. *Moorman Mfg. Co. v. Natl. Tank Co.*, 91 Ill 2d 69, 80 (1982); *see also Five-Star Audio-visual, Inc.*, 2025 U.S. Dist. LEXIS 37350, at *25. When the defendant's duty

13

arises by operation of contract, as in this case, the economic loss doctrine applies. *See Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011).

Endurance allegedly had a duty to pay for Plaintiffs' vehicle repairs. That duty arises solely out of VSC obligations. Endurance owed no duty to Plaintiffs outside of the VSCs, and therefore Plaintiffs' claim for negligent misrepresentation (Count V) must be dismissed.

### F.     The Complaint Fails to State a Claim for Unjust Enrichment.

Plaintiffs' claim for unjust enrichment fails because Plaintiffs concede an express contract. Recovery for unjust enrichment "is unavailable where the conduct at issue is the subject of an express contract between the plaintiff and the defendant." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013). Allegations of an express contract that governs the parties' relationship may not be included in the unjust enrichment count. *Id.*

Plaintiffs seek relief based on VSCs purchased from Endurance, going so far as to define the proposed class as "[a]ll persons in the United States who purchased a [VSC] through defendants." ECF 1, PageID: 46, ¶ 149. Plaintiffs devote pages of their lengthy Complaint to discussing the types of contracts offered by Endurance and various allegations that Endurance breached the contract. Plaintiffs further allege that the VSCs govern their relationship Endurance. Fatally, Plaintiffs incorporate each of those allegations into their claim for unjust enrichment dooming their claim. *Id.* at ¶ 166; *see LKQ Corp. v. Rutledge*, 2022 U.S. Dist. LEXIS 95527, at *13 (N.D. Ill. 2022), citing *Thorogood v. Sears, Roebuck & Co.*, 2006 US Dist LEXIS 82975, at *12-13 (N.D. Ill. 1999) ("Where unjust enrichment claims incorporate by reference allegations of the existence of a contract between the parties, courts will dismiss the unjust enrichment claim."). Accordingly, Plaintiffs' unjust enrichment claim must be dismissed as a matter of law.

14

**CONCLUSION**

The Court should compel Rinella, Rumpf, Cooper, and Wilder to arbitration based on their respective agreements with Endurance. Each of those Plaintiffs' claims fall within the scope of valid and enforceable arbitration agreements. The law, therefore, requires them to submit to arbitration.

In addition, the Court should dismiss the Complaint according to Fed. R. Civ. P. 12(b)(6). Initially, all Plaintiffs waived class participation. Moreover, Plaintiffs failed to plead a cognizable class. Thus, the lawsuit is subject to dismissal in its entirety. To the extent the Complaint survives despite the class waiver and glaring deficiencies regarding the proposed class, this Court should dismiss Counts II (unjust enrichment), III (fraudulent concealment), IV (common law fraud), and V (negligent misrepresentation), as well as Counts VI through IX for all of the reasons discussed above.

Dated: May 22, 2025               GOLDBERG SEGALLA LLP

                                  */s/ Larry D. Mason*
                                  *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, Larry D. Mason, an attorney, hereby certify that on May 22, 2025, I served the above and foregoing *Defendants' Endurance Dealer Services, LLC and Endurance Warranty Services, LLC's Memorandum of Law in Support of Defendants' Motion to Compel Arbitration and Dismiss the Class Action Complaint* by causing a true and accurate copy of the same to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

                                          */s/ Larry D. Mason*

Larry D. Mason (ARDC #6201602)
GOLDBERG SEGALLA LLP
222 West Adams Street, Suite 2250
Chicago, Illinois 60606
Phone: (312) 572-8444
Fax: (312) 572-8401
email: lmason@goldbergsegalla.com
*Attorneys for Defendants*